IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CALVIN BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-520-STE |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

I. **PROCEDURAL BACKGROUND**

Plaintiff's application for disability insurance benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-22). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 15, 2008, the alleged disability onset date. (TR. 12). At step two, the ALJ determined Mr. Burton had severe impairments of degenerative disc disease of the cervical spine, status post fusion cervical surgeries; osteoarthritis of the knees, status post surgeries; hepatitis C; headaches; hypertension; chronic pain syndrome; status post rotator cuff repair; major depressive disorder, moderate; and panic disorder without agoraphobia. (TR. 12). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13).

At step four, the ALJ found that Plaintiff could not perform his past relevant work. (TR. 20). The ALJ further found Plaintiff had the residual functional capacity (RFC) to:

> [P]erform less than a full range of "sedentary work," as defined at 20 CFR 404.1567(a), except that the claimant can only: occasionally climb ramps and stairs, balance, stop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; understand, remember, and carry out simple instructions; make only simple work

related decisions; deal with only occasional changes in work processes and environment; have no contact with the general public; have only incidental, superficial work-related type contact with co-workers and supervisors, i.e., brief, cursory, succinct communication relevant to the job being performed; cannot perform any fast pace, production pace, assembly line pace type work; must perform work that is very structured; and cannot maintain very strict production or performance quotas, in that the pace of work may need to vary over the course of the workday or workweek as determined by the employee, albeit that all assigned work is completed.

(TR. 15-16).

Based on the finding that Mr. Burton was unable to perform his past relevant work, the ALJ proceeded to step five. There, he presented the limitations from the RFC to a vocational expert (VE) to determine whether there were other jobs Plaintiff could perform. (TR. 46-49). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 47, 49-50). The ALJ adopted the testimony of the VE and concluded that Mr. Burton was not disabled based on his ability to perform the identified jobs. (TR. 22).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges errors in the RFC assessment involving both mental and physical impairments and a lack of substantial evidence to support the step five finding due to the allegedly faulty RFC.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir.

3

2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. NO ERROR IN THE EVALUATION OF PLAINTIFF'S MENTAL IMPAIRMENT

Mr. Burton alleges that the RFC failed to reflect specific, work-related mental limitations and as a result, the step five findings lacked substantial evidence. The Court rejects these arguments.

### A. The ALJ's Duty in Assessing the Plaintiff's Mental RFC

In assessing an individual's mental impairment, the ALJ must employ a "special technique" which involves rating the degree of functional limitation under four broad functional areas. 20 C.F.R. § 404.1520a(b)-(c). This assessment is documented on a Psychiatric Review Technique (PRT) form and is used to rate the severity of the mental impairment at steps two and three of the sequential evaluation process. *See* Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at 6-7 (July 2, 1996) (SSR 96-8p).

Step four requires a more detailed assessment by itemizing various functions contained in the broad categories which were summarized on the PRT form. *Id.* In assessing the RFC, the ALJ must consider the limitations and restrictions imposed by a

4

claimant's severe impairments and express any mental limitations in terms of specific, work-related mental activities he or she is able to perform. *Id.* at 6-7.

### B. No Error in the RFC Regarding Mental Work-Related Limitations

Plaintiff alleges that the ALJ erred in his evaluation of the Plaintiff's mental impairments by failing to include specific work-related limitations in the RFC. Specifically, Mr. Burton states:

> The ALJ, in giving great weight to the state agency doctors, gave great weight to opinions that found Mr. Burton was moderately limited in activities of daily living, social functioning and concentration, persistence and pace, and was limited to simple but could not perform the detailed work tasks the ALJ found, and could not deal with the public. There is no clear indication in the above description (the RFC) reflecting that Mr. Burton has any of the difficulties the great weight physician's [sic] said premised upon the law previously cited. It is an errant RFC.

(ECF No. 14:9) (internal citations omitted).

Plaintiff's argument references findings from the PRT form ("opinions that found Mr. Burton was moderately limited in activities of daily living, social functioning and concentration, persistence and pace") and the Mental Residual Functional Capacity Assessment (MRFCA) ("opinions that found Mr. Burton was . . . limited to simple but could not perform the detailed work tasks . . . and could not deal with the public."). Both of these reports were authored by non-examining State Agency consultant Dr. Ron Cummings. No error exists regarding the ALJ's treatment of either assessment.

On the PRT form, Dr. Cummings concluded that Mr. Burton was "moderately" impaired in the areas of "activities of daily living," "maintaining social functioning," and "concentration, persistence, or pace." (TR. 476). The ALJ accorded this opinion "great

weight." (TR. 15, 16). The PRT form is "not an RFC assessment, but [is] used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, at 4. Thus, the ALJ had no duty to express these particular findings in the RFC and the Court rejects Plaintiff's argument to the contrary. *See Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) ("The ALJ's finding of a moderate limitation . . . at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment.").

Likewise, the Court finds no merit in Plaintiff's argument that the RFC does not reflect specific work-related limitations from the MRFCA. In that report, Dr. Cummings found that Plaintiff was: (1) "not significantly limited" in his ability to understand, remember, and carry out very short and simple instructions, (2) "moderately" limited in his ability to understand, remember, and carry out detailed instructions, and (3) "markedly" limited in his ability to interact appropriately with the general public. (TR. 462-463). In conclusion, Dr. Cummings stated:

> The claimant is able to understand and carry out simple and some complex work tasks. . . .[G]iven limited public contact and allowances for occasional psychological problems affecting efficiency, the claimant remains mentally capable of understanding and carrying out simple instructions and assignments in a structured setting, in an appropriate time frame.

(TR. 464). The ALJ accorded this opinion "some weight," explaining that "the evidence of record establishe[d] that the claimant's pain and symptomology limit[ed] him to the performance of 'unskilled' work only." (TR.17).

Mr. Burton argues that the ALJ erred by failing to adopt all of Dr. Cummings' findings in the RFC. In support of this argument, Plaintiff relies on *Jaramillo v. Colvin*, 576 Fed. Appx. 870 (10th Cir. Aug. 27, 2014) (unpublished op.).

In *Jaramillo*, a psychiatrist opined that the plaintiff was moderately limited in his ability to carry out instructions. *Id.* at 872. The ALJ afforded the psychiatrist's opinion "great weight." *Id.* at 873. In the RFC, the ALJ stated that the plaintiff was limited to performing simple, routine, repetitive, and unskilled tasks. *Id.* at 872. The ALJ then proffered these limitations in a hypothetical question to a VE, who identified jobs the plaintiff could perform. *Id.* at 874.

The plaintiff argued that the RFC had failed to account for the psychiatrist's opinion that the claimant was moderately limited in his ability to carry out instructions. *Id.* at 874. The Court agreed, and in doing so, made two findings: (1) that an RFC for "unskilled tasks" sufficiently accounted for work-related limitations regarding an ability to understand, carry out, and remember simple instructions, and (2) the RFC was erroneous because it had failed to include the finding that the plaintiff was moderately limited in his ability to carry out instructions. *Id.* at 875, 876.

Both findings are relevant to Plaintiff's challenge and instructive to the Court's ultimate conclusion. First, the Court in *Jaramillo* stated: "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions . . ." *Jaramillo*, at 875 (citing Social Security Ruling 85-15, Titles II and XVI: Capability to do Other Work—The

Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, 1985 WL 56857, at 6 (1985)). The Court then stated: "These abilities are examples of work-related mental functions. Therefore, a limitation to unskilled work or, as the ALJ phrased it here, 'unskilled tasks,' could be used as shorthand for the specific mental abilities described in SSR 85-15 . . ." *Id.* (internal citation omitted).

In the instant case, when the ALJ accorded "some weight" to Dr. Cummings' MRFCA findings to the extent that Plaintiff was "limit[ed] . . . to the performance of 'unskilled' work only," it is reasonable to conclude that the ALJ adopted Dr. Cummings' opinions that Plaintiff was "not significantly limited" in his abilities to understand, remember, and carry out simple instructions. According to *Jaramillo*, "these abilities are examples of work-related mental functions" and like in *Jaramillo*, they are properly reflected in the RFC. *See* TR. 15-16 (RFC which states that Mr. Burton can "understand, remember, and carry out simple instructions; [and] make only simple work related decisions.").

Second, the Court in *Jaramillo* found error in the failure to incorporate the psychiatrist's "moderate" limitation, but the error there hinged on the fact that the ALJ had accorded that opinion "great weight." *See Jaramillo*, at 876 (stating "the distinction is relevant to Dr. Mellon's opinion, on which the ALJ expressly placed great weight."). The ALJ in *Jaramillo* had adopted the findings that the plaintiff was moderately limited in his ability to carry out instructions, but the RFC did not reflect the opinion. *Id.* at 876.

8

Plaintiff's reliance on *Jaramillo* is misplaced based on his erroneous conclusion that the ALJ had accorded the MRFCA findings "great weight" and adopted Dr. Cummings' findings that Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions. *See* ECF No. 14:8 (Plaintiff's statement that "The agency doctor's [sic] that received great weight by the ALJ stated that Mr. Burton could not perform detailed work."); ECF No. 14:9 (statement by Plaintiff that "[T]he ALJ apparently gave equally great weight to all of the agency doctors who passed on Mr. Burton's mental condition . . ."); ECF No 14:9 (statement by Plaintiff that "The ALJ, in giving great weight to the state agency doctors, gave great weight to opinions that found that Mr. Burton . . . could not perform the detailed work tasks the ALJ found. . .").

But the record proves otherwise, as the ALJ only accorded "*some* weight" to Dr. Cummings' MRFCA findings, to the extent the doctor had found that Plaintiff could perform "unskilled" work. (TR. 17). Thus, as discussed, it is reasonable to conclude that the ALJ did not adopt Dr. Cummings' opinion that Mr. Burton was moderately limited in his ability to understand, remember, and carry out detailed instructions. No error exists because the ALJ did not believe that the limitation had been supported and the RFC need only include such limitations as the medical record substantially supports. *See Arles v. Astrue*, 438 Fed. Appx. 735, 740 (10th Cir. 2011) (rejecting plaintiff's claim that a limitation should have been included in his RFC because "such a limitation has no support in the record.").

In defense of the ALJ's decision, the Commissioner relies on *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015). (ECF No. 20:7). In *Vigil*, the ALJ had found "some evidence indicating that Vigil had some problems with concentration, persistence, and pace such that [he] could not be expected to perform complex tasks." *Vigil*, at 1203. The ALJ accounted for these limitations by limiting the plaintiff to unskilled work. *Id.* at 1203-04. The Court noted that unskilled work generally required, in part, the ability to understand, remember, and carry out simple instructions and make simple work-related decisions. *Id.* at 1204. Thus, the Court found no error had occurred because the ALJ's findings regarding the plaintiff's inability to perform unskilled work were accommodated by limiting him to unskilled work. *Id.*

*Vigil v. Colvin* is controlling. Here, the ALJ gave Dr. Cummings' MRFCA opinions "some weight" to the extent that Mr. Burton could perform "unskilled work." (TR. 17). The RFC reflected these findings by stating that Plaintiff could understand, remember, and carry out simple instructions. (TR. 15-16). As in *Vigil*, the limitation to unskilled work, as set forth in the RFC, adequately accounted for the portion of Dr. Cummings' opinions that the ALJ had adopted. Thus, no error exists.

Finally, Mr. Burton argues that the ALJ had erroneously concluded that Plaintiff should have "*minimal* interaction with the general public" in light of Dr. Cummings' finding that Plaintiff was "*markedly* limited" in this regard. (ECF No. 14:9) (emphasis in original). The Court rejects this argument because the ALJ specifically stated that Mr. Burton could "have *no* contact with the general public." (TR. 16) (emphasis added).

The Court concludes that the ALJ did not err in failing to include particular opinions in the RFC. As a result, the Court rejects Mr. Burton's related argument which alleged a lack of substantial evidence to support the step five findings because the conclusion had been based on an allegedly faulty RFC.

## VI. NO ERROR IN FAILING TO PERFORM A "FUNCTION-BY FUNCTION" ASSESSMENT

Next, Mr. Burton argues that the ALJ erred by failing to conduct a "function-by function" assessment of the seven strength demands involving sitting, standing, walking, lifting, carrying, pushing, and pulling. (ECF No. 14:10-12). In the decision, the ALJ stated that Mr. Burton had "the residual functional capacity to perform less than the full range of 'sedentary work' as defined at 20 C.F.R. 404.1567(a) except that the claimant can only: occasionally climb ramps and stairs, balance, stop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. . ." (TR. 15). Mr. Burton contends that the ALJ's reference to the broad exertional category of "sedentary work" was insufficient because the ALJ did not make specific findings regarding Plaintiff's ability in each functional area. In support, Plaintiff relies on SSR 96-8p. The Court rejects this argument.

In *Hendron v. Colvin*, 767 F.3d 951 (10th Cir. 2014) the Tenth Circuit Court of Appeals addressed this issue and the narrative requirements as set forth in SSR 96-8p. In *Hendron*, the ALJ concluded that the Plaintiff could perform "a *full range* of sedentary work as defined in 20 C.F.R. § 404.1567(a)." *Hendron*, at 956 (emphasis in

original). The plaintiff argued that the RFC was not in the proper form, because the ALJ had not made specific findings regarding the plaintiff's abilities to sit, stand, walk, lift, carry, push, and pull. *Id.* The Tenth Circuit acknowledged that SSR 96-8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id.*, citing SSR 96-8p, at 3. The Court also noted, however, that the Ruling states that an ALJ's "[i]nitial failure to consider an individual's ability to perform the specific work-related functions *could* be critical to the outcome of a case." *Id.* (emphasis in original, internal citation omitted).

For instance, at step four, the Court noted that the RFC must not be expressed initially in terms of the exertional categories "*because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it*." *Id.*, citing SSR 96-8p, at 3 (emphasis in original). And at step five, a function-by-function analysis is important when the ALJ determines whether to apply the Medical–Vocational Guidelines. *See id.,* citing SSR 96-8p, at 3. Without a function-by-function analysis in these types of situations, an ALJ "may. . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do." *Id.,* citing SSR-96-8p, at 4.

In the instant case, the ALJ did not find that Mr. Burton could perform his past relevant work, nor did he apply the Medical-Vocational Guidelines. (TR. 20-21). Furthermore, Mr. Burton does not contend that he cannot meet the reduced exertional

demands of sedentary work as set forth in the RFC. As a result, the Court rejects Mr. Burton's argument concerning the ALJ's failure to make specific findings on each of the seven strength demands.

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **AFFIRMS** the Commissioner's decision.

**ENTERED** on April 22, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE